# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| MARSHALL SEARS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV416-244 |
| | ) | CR414-339 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **REPORT AND RECOMMENDATION**

After pleading guilty to conspiracy to commit mail fraud, Doc. 10 (plea agreement), Marshall Sears moves under 28 U.S.C. § 2255 to have his sentence reduced in light of a November 1, 2015 amendment to the Sentencing Guidelines' "mitigating role" adjustment. Doc. 15 at 4; U.S.S.G. § 3B1.2. Doc. 15. Preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings shows that his motion must be **DENIED** both as untimely and on the merits.

The Court entered judgment against movant on January 28, 2015, doc. 12, and he had one year from the date his conviction became final to seek § 2255 relief. 28 U.S.C. § 2255(f). He therefore had until February 11, 2015, to file his notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i)

(defendants must notice their appeals within 14 days from the entry of judgment). Since he filed no appeal, Sears' conviction became final and § 2255(f)'s one-year clock began to tick on February 11, 2015. He did not file the present § 2255 motion, however, until September 15, 2016, which is 217 days too late. Doc. 15. Sears offers no explanation for the delay.[1] Hence, his motion is time-barred unless he can show an exception, like a new rule of law retroactively available to him. *See* 28 U.S.C. § 2255(f).[2]

For that matter, nothing in Amendment 794 entitles him to resentencing. That amendment merely "clarified the factors to consider for a minor-role adjustment" -- it did not substantively change § 3B1.2.

---

[1] "The statute of limitations can be equitably tolled where a petitioner untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Kicklighter v. United States*, 281 F. App'x 926, 930 (11th Cir. 2008) (quoting *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007)).

[2] As described in the statute, the one-year limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

*United States v. Casas*, 632 Fed. App'x 1003, 1004 (11th Cir. 2015); *Sapp v. United States*, 2016 WL 4744159 at *1 (S.D. Ga. Sept. 12, 2016); *see also United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016) (Amendment 794 may be applied retroactively on *direct appeals*). Indeed, the Sentencing Commission specifically explained that Amendment 794 is intended only as a clarifying amendment. U.S.S.G. Supp. App. C, Amend. 794 (Reason for Amend.) ("This amendment provides additional guidance to sentencing courts in determining whether a mitigating role adjustment applies").

"The threshold inquiry," therefore, "is whether [Sears'] claim that his sentence is contrary to a subsequently enacted clarifying amendment is cognizable under § 2255." *Burke v. United States*, 152 F.3d 1329, 1331 (11th Cir. 1998). *See, e.g., Jacobs v. United States*, 2016 WL 4183312 at * 1 (S.D. Ga. Aug. 5, 2016); *Knight v. United States*, 2016 WL 4082701 (S.D. Ga. Jul. 29, 2016). A comparison of the circumstance of *Burke* and this case confirms relief is not available to Petitioner in a § 2255 proceeding. In both cases, the petitioners did not appeal. *Burke*, 152 F.3d at 1331. After sentencing, the Sentencing Commission added a clarifying amendment to the Guidelines, and the petitioners moved

3

under § 2255 to modify their sentences based on the change. *Id.* Yet because "§ 2255 is not a substitute for direct appeal," nonconstitutional claims such as clarifying amendments to the Guidelines "can be raised on collateral review only when the alleged error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" *Id.* (quoting *Reed v. Farley*, 512 U.S. 339, 348 (1994)).

"Insofar as amendment [794] is a clarifying amendment effecting no change in the substantive law," Sears "was afforded the opportunity to" challenge the denial of a minor role adjustment "at his original sentencing and on direct appeal." *Id.* at 1332. He never did.[3] The record also does not reflect any objection to the Guidelines sentence calculation. "Considering all of the circumstances, [the Court] cannot say that the alleged misapplication of the sentencing guidelines in this case was fundamentally unfair or that it constituted a miscarriage of justice sufficient to form the basis for collateral relief." *Id.*

---

[3] After he pled guilty to conspiracy to commit mail fraud, the Court sentenced Sears to 42 months' imprisonment. Doc. 12 at 1-2. He never appealed, and nothing in the record reveals an objection to his Guidelines sentence calculation.

4

Accordingly, Sears' § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

**SO REPORTED AND RECOMMENDED** this __20th__ day of September, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA